## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WELLS FARGO BANK, N.A.        \*

                                   \*

        v.                 \*          Civil Case No. CCB-12-967

                                   \*

SHERRYLYN DIANE THOMASSON, et al.  \*

\*\*\*\*\*\*

### MEMORANDUM

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") initiated this action against Defendant Sherrylyn Diane Thomasson a/k/a Sherrylyn Black[1] ("Ms. Black") and other defendants (primarily the "Thomasson children" and the "Trustee"), alleging that Ms. Black and her co-defendants benefited from fraudulent conveyances made by Ms. Black's now-deceased husband, James W. Thomasson, Sr. ("Mr. Thomasson"). Now pending is Ms. Black's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, Ms. Black's motion to dismiss will be granted in part and denied in part.

**BACKGROUND**

Taken in the light most favorable to the plaintiff, the facts of this case are the following. In 2005 and 2006, Wells Fargo made a series of loans that were guaranteed by Mr. Thomasson. Compl. ¶¶ 15-42. The total amount due and owing on those loans is $16,390,995.39. Compl., Ex. A. Mr. Thomasson died on September 15, 2011. Compl. ¶ 3. Prior to his death, Mr. Thomasson engaged in two transactions transferring certain of

---

[1] After the death of her spouse, James W. Thomasson, Sr., Sherrylyn Thomasson retook her prior married name of Sherrylyn Black. For ease of reference, she will be referred to as "Ms. Black" in this memorandum opinion.

his property interests to his spouse.  Compl. ¶¶ 44-64.  First, on May 20, 2010, Mr. Thomasson executed a deed conveying his fee simple interest in real property in Easton, Maryland to himself and Ms. Black as tenants by the entireties for no consideration ("the Property Transfer").  Compl. ¶¶ 44-45, 51.  Second, also in 2010, Mr. Thomasson transferred monies from bank accounts in his name to accounts held as tenants by the entireties with Ms. Black ("the Monetary Transfer").  Compl. ¶¶ 58.  The Monetary Transfer totaled approximately $500,000 ("the Money").  Compl. ¶¶ 58-59.[2]  Wells Fargo contends that both transfers were made in an effort to avoid Mr. Thomasson's obligations to Wells Fargo.  Compl. ¶¶ 56, 63.

On March 12, 2012, Wells Fargo filed a claim against the estate of Mr. Thomasson before the Register of Wills of Talbot County, Maryland.  Mot. to Dismiss, Ex. 1.  Four other creditors also filed claims against the estate.  Mot. to Dismiss, Ex. 2. The amount of Wells Fargo's claim is $16,439,132.04.  *Id.*

On March 29, 2012, Wells Fargo filed the instant lawsuit against Ms. Black and the other defendants, alleging, in relevant part, that the Property Transfer and the Money Transfer constituted fraudulent conveyances.

**ANALYSIS**

Ms. Black contends that Wells Fargo's complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the sufficiency of a complaint and does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d

---

[2] The Complaint also alleges that Mr. Thomasson, shortly before his death, fraudulently transferred his interest in a number of business entities to a trust. Compl. ¶¶ 65-67. Because Ms. Black is not named as a defendant in the counts alleging fraudulent transfer of the business entities, that transfer is not relevant to the instant motion to dismiss.

480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

To survive a motion to dismiss, the factual allegations of a complaint, assumed to be true, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation is to show sufficiently the "grounds of his entitlement to relief," offering "more than labels and conclusions." *Id.* It is not sufficient that the well-pleaded facts suggest "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that the defendant is liable for the conduct alleged." *Id.* at 678 (internal quotations and citation omitted).

Ms. Black asserts that Wells Fargo's complaint must be dismissed for two reasons. First, she contends that Wells Fargo is attempting to circumvent the probate process by using this litigation to improve its position relative to the other creditors of the Thomasson estate. Second, she contends that the other creditors are necessary parties to this litigation, and that joinder of the other creditors would defeat diversity of citizenship.

In its complaint, Wells Fargo seeks several different types of relief against Ms. Black. First, Wells Fargo seeks a declaration that the Property Transfer and the Monetary Transfer were fraudulent. Second, Wells Fargo seeks to set aside those transfers. Third,

in the alternative, Wells Fargo seeks a monetary judgment against Ms. Black for an amount equal in value to the transfers.   For the reasons set forth below, Wells Fargo's case will proceed as to the declaratory relief and prospective set aside of the transfers, but Ms. Black's motion to dismiss will be granted as to Wells Fargo's claims for monetary relief.

Adjudication of the first two forms of relief sought by Wells Fargo present no issues with respect to the jurisdiction of the probate court or the rights of the other creditors of the Thomasson estate.   If the transfers to Ms. Black are declared fraudulent and are set aside, the transferred property would revert to the Thomasson estate.[3]   Any proceeds from the Monetary Transfer and from the sale of the real property would be divided among all of the estate's creditors by the probate court.   In determining the merits of the case, this court would not "dispose of property that is in the custody of a state probate court," *Marshall v. Marshall,* 547 U.S. 293, 311-12 (2006), but would simply determine whether or not the transferred property properly should be in the custody of that court, rather than the custody of the transferees.   *See Abercrombie v. Andrew College*, 438 F. Supp. 2d 243, 255-56 (S.D.N.Y. 2006) (determining that a suit did not implicate the probate exception because it "does not ask the Court to decide how to distribute any assets . . . but only to determine whether additional assets, i.e. the Property, should be added to the estate"); *Gearheard v. Gearheard,* 406 F. Supp. 704, 706 (S.D. Miss. 1976) (finding that the probate exception did not apply to a suit to set aside *inter vivos* gifts where the suit would add assets to the estate under probate).   The other creditors, then, are not necessary parties to the instant lawsuit to the extent that the only

---

[3] Although Wells Fargo also requests that this court direct "that the property be sold," if Wells Fargo prevails, the appropriate relief would be to set aside the transfer.   Decisions about disposition of the property in the estate would be made by the probate court.

potential relief includes a return of assets to the estate for distribution. *See Birely's Ex'rs v. Staley*, 5 G. & J. 432, 451 (Md. 1833) (noting that all creditors need not be joined as parties where any judgment would benefit all estate creditors).

Wells Fargo's requests for monetary relief, however, pose a more complex question. Maryland law provides that under certain circumstances, such as where the property transferred cannot be reached, "the fraudulent transferee . . . is liable by way of personal judgment to the creditor." *Molovinsky v. Fair Emp't. Council of Greater Washington, Inc.*, 839 A.2d 755, 767-68 (Md. App. 2003) (*citing Damazo v. Wahby*, 305 A.2d 138, 141 (Md. 1973)). The difficulty presented is that, in the estate context, Wells Fargo is not the only creditor. Mr. Thomasson's other creditors could have an equal claim for fraudulent transfer against Ms. Black for the Property Transfer and the Monetary Transfer. Allowing Wells Fargo to pursue a monetary judgment against Ms. Black in this litigation would potentially improve its position vis-à-vis the other creditors. The Maryland Court of Special Appeals has determined, in *Barter Sys., Inc. v. Rosner*, 494 A.2d 964 (Md. App. 1985), that civil litigation cannot be used to improve the position of one creditor with respect to other creditors of an estate.

In *Barter Systems*, a creditor of an estate attempted to obtain a judgment for fraudulent conveyance and to place a levy on the condominium that it alleged to have been fraudulently conveyed. *Id.* at 258-60. The Court of Special Appeals determined that the creditor could not "completely circumvent the statutory scheme provided for the orderly payment of a decedent's just debts by resort to a commercial law remedy which allows creditors generally to enforce a judgment against fraudulently conveyed property." *Id.* at 268.

Wells Fargo is suing Ms. Black as the alleged fraudulent transferee of property that belongs to the Thomasson estate.  The effect of a monetary judgment for Wells Fargo would be to give Wells Fargo the full amount of the judgment, not the portion to which it would be entitled in accordance with distribution by the probate court.  There is simply no way to reconcile the dictates of *Marshall*, 547 U.S. at 311-12, which prohibits a federal court from apportioning estate assets among creditors, with granting monetary relief to a single creditor arising from the fraudulent transfer of estate assets.  Further, *Barter Systems* prohibits Wells Fargo from pursuing a monetary judgment in a single-plaintiff case, which would improve its position in relation to the other creditors.

Accordingly, the portion of Wells Fargo's claim that seeks to have the properties sold and for monetary damages will be dismissed without prejudice.[4]

A separate order follows.

Dated:   <u>November 29, 2012</u>                          <u>        /s/        </u>
                                                          Catherine C. Blake
                                                          United States District Judge

---

[4] Wells Fargo appears to recognize that the scope of relief this court can grant, if Wells Fargo proves the transfers were fraudulent, is likely limited.  It states that:

> Alternatively, Wells Fargo may have no objection to this Court entering an Order setting aside the Transfers, without expressly directing that the Property be sold.  Under such a scenario the Property would revert to the Estate to be liquidated, with the proceeds thereof to be distributed in accordance with the distribution priorities prescribed by Md. Code, Est. & Trusts § 8-105(a).

Opp. at 10.